

FILED
AUG 1 2 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DON BLANKENSHIP,**

      **Plaintiff,**

v.                                                              Civil Action No. 2:19-0589

**BOSTON GLOBE MEDIA PARTNERS, LLC**
**d.b.a. THE BOSTON GLOBE; and,**
**DOES 1-50 inclusive,**

      **Defendants.**

## NOTICE OF REMOVAL

Defendant Boston Globe Media Partners, LLC, by counsel, hereby removes this action from the Circuit Court of Mingo County, West Virginia, to the United States District for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

This action is removable based upon diversity of citizenship under the provisions of 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 and the parties properly joined and served are citizens of different states.

In further support of removal, Defendant states as follows:

*Pleadings and Service*

1. On or about May 20, 2019, Plaintiff filed a Complaint in the Circuit Court of Mingo County, West Virginia, which is captioned *Don Blankenship v. Boston Globe Media Partners, LLC d.b.a. The Boston Globe; and Does 1-50 inclusive.* The Complaint is identified by Civil Action No. 19-C-68. A true copy of the entire record from the Circuit Court of Mingo County, West Virginia, including the Summons and Complaint, are attached hereto as "Exhibit A" pursuant to 28 U.S.C. § 1446(a).

2. In the Complaint, Plaintiff argues that he was "defamed by the left-leaning mainstream media, including CNN, MSNBC and Defendant The Boston Globe." (Complaint, ¶ 23). Plaintiff

further claims that, as a result of the alleged defamation, he "has suffered enormous damages" and that he has purportedly "been prevented from pursuing other businesses and opportunities and generating ... returns of billions of dollars." (Complaint, ¶ 25). Plaintiff "seeks damages in excess of the jurisdictional limit of Mingo County Circuit Court" and "substantial punitive damages in an amount to be established at trial." (Complaint, ¶¶ 25 and 26).

3. Defendant Boston Globe Media Partners, LLC ("Boston Globe") was served with the Summons and Complaint through its designated agent for service, CT Corporation, which received copies of the Summons and Complaint on July 15, 2019.

4. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days from the date that the defendant received formal service of process. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). "[W]here service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process." *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 675 (S.D.W. Va. 2002). *Accord, Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 480 (4th Cir. 2004); *White v. Lively*, 304 F. Supp. 2d 829 (W.D. Va. 2004).

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty (30) days of the date of Boston Globe's actual receipt of the Summons and Complaint.

*Grounds for Removal*

6. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties to this action and the amount in controversy is in excess of the jurisdictional threshold of $75,000 exclusive of interests and costs.

7. Plaintiff alleges in the Complaint that he resides in West Virginia. (Complaint, ¶ 31). *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (explaining that for purposes of assessing diversity, an individual is a citizen of a State if he is a "domiciliary of that State," which "requires physical presence, coupled with an intent to make the State a home"). On information and belief, however, Plaintiff's domicile is the State of Nevada. In 2017, for example, Plaintiff asked this Court to transfer over his supervised release to the District of Nevada based on his stated plan "to make the District of Nevada his primary domicile," and the Court granted that request. *See, United States v. Blankenship*, Case No. 5:14-cr-00244, (S.D. W. Va. Oct. 26, 2017) (ECF No. 659 at Page ID# 23061). Moreover, last year, during Plaintiff's campaign for the United States Senate, media outlets noted that Plaintiff maintained his primary residence in Nevada. *See, e.g.*, Ken Ward, Jr., *Don Blankenship has told courts that Las Vegas is his 'home'*, WV Gazette/Mail (Dec. 2, 2017)[1]; and, Trip Gabriel & Stephanie Saul, *Don Blankenship Is a West Virginia Senate Candidate. He Lives in Nevada.*, New York Times (Apr. 25, 2018).[2] Regardless, diversity of citizenship between Plaintiff and Boston Globe exists.

8. Boston Globe is a Delaware limited liability company with its principal place of business located in the State of Massachusetts. The sole Member of Boston Globe Media Partners, LLC is Algonquin Acquisition Company, LLC, which is incorporated in the State of Delaware and has its principal place of business in the State of Florida.

9. According to the Complaint, "Plaintiff does not know the true names" of the defendants identified as "Does 1 - 50"; therefore, these defendants were sued under fictitious names.

---

[1] *See*, https://www.wvgazettemail.com/news/politics/blankenship-has-told-courts-that-las-vegas-is-his-home/article_68f68425-fd7e-514e-9d81-98b63bcb1970.html.

[2] *See*, https://www.nytimes.com/2018/04/25/us/politics/don-blankenship-china-west-virginia.html.

(Complaint, ¶ 31). The citizenship of these defendants, fictitiously named and neither properly joined nor served, shall be disregarded for the purpose of this removal. *See*, 28 U.S.C.A. § 1441(b).

## *Amount in Controversy*

10. The amount in controversy for diversity jurisdiction is met if the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Evans v. CDX Servs.*, 528 F. Supp.2d 599, 606 (S.D.W. Va. 2007) (applying preponderance standard). As this Court stated in *Evans*, "[t]he test to determine the amount in controversy is not the sum ultimately awarded to the plaintiff, but the sum that is demanded by the plaintiff when the complaint is filed." *Evans*, 528 F. Supp. 2d at 605 (citation omitted). *See accord, JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) ("Courts generally determine the amount in controversy by reference to the plaintiff's complaint"); *Heller v. Trienergy, Inc.*, No. 5:12CV45, 2012WL2740870, *9 (N.D.W. Va. July 9, 2012) (applying preponderance standard). "When a complaint is filed without an obvious amount in controversy, the court can look to evidence available at the time of removal to fill in the missing amount ... The court can also use its 'common sense' to determine an amount for jurisdictional purposes," including consideration of "the plaintiff's causes of action to show that the amount in controversy is more likely than not in excess of $75,000." *Woods v. Nationwide Mut. Ins. Co.*, No. 5:5CV165, 2006 WL 1706040, *2 (N.D.W. Va. June 16, 2006), *citing, Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994). *See also, Campbell v. Restaurants First/Neighborhood Restaurant, Inc.*, 303 F. Supp. 2d 797, 799 (S.D.W. Va. 2004) (recognizing that, "in reaching a conclusion with regard to the amount in controversy based upon this evidence, the court 'is not required to leave its common sense behind.' ") (citation omitted). Here, the allegations in the Complaint provide a sufficient predicate for removal.

11. In the Complaint, Plaintiff "seeks damages in excess of the jurisdictional limit of Mingo County Circuit Court" and "substantial punitive damages in an amount to be established at trial." (Complaint, ¶¶ 25 and 26). More particularly, Plaintiff requests general and special damages for alleged defamation; a permanent injunction precluding republication of the statements complained of in the Complaint; punitive damages; damages for alleged emotional distress; and statutory interest as provided by W. Va. Code § 56-6-31. (Complaint, p. 22).

12. While the amount of damages sought is not specified in the Complaint, Plaintiff argues that, as a result of the alleged defamation, he "has suffered enormous damages" and that his reputation has been "so smeared" that he purportedly has "been prevented from pursuing other businesses and opportunities" similar to the work that he performed with his previous employer, Massey Energy. (Complaint, ¶ 25). Media outlets have reported that Plaintiff received approximately $17 million dollars in the last years of his employment with Massey Energy. *See e.g.*, Howard Berkes, *Massey CEO's Pay Soared as Mine Concerns Grew*, NPR (April 17, 2010)[3], and, David Segal, *The People v. The Coal Baron*, New York Times (June 20, 2015).[4] Accordingly, Plaintiff's causes of action and claimed damages show that the amount in controversy is more likely than not in excess of $75,000.

13. Moreover, on March 14, 2019, Plaintiff filed another lawsuit in Mingo County, West Virginia, naming as defendants several news/media companies and individuals from whom he seeks monetary damages for alleged defamatory acts nearly identical to those made in this case. In the case styled, *Don Blankenship v. Honorable Andrew Napolitano (Ret.), et al.*, ¶¶ 24-25[5], Plaintiff "seeks damages in an amount not less than $2 billion dollars" and "substantial punitive damages in the amount

---

[3] https://www.npr.org/templates/story/story.php?storyId=126072828.

[4] https://www.nytimes.com/2015/06/21/business/.../the-people-v-the-coal-baron.html.

[5] That case was also removed to the U.S. District Court for the Southern District of West Virginia, Civil Action No. 2:19-cv-00236.

of 10 billion dollars." *See* Exh. B, Complaint filed in *Don Blankenship v. Honorable Andrew Napolitano (Ret.), et al.*, ¶¶ 24-25. There, as here, Plaintiff alleges that he was defamed by being referred to as a "felon" and/or wrongly accused of going "to jail for manslaughter after being indicted; that he "has suffered enormous damages"; and, that his reputation has been "so smeared" that "he has been prevented from pursuing other business and opportunities ..." *Id.* at ¶¶ 15-25. *Accord*, Exh. A, Complaint, ¶¶ 15-26. Given the similarity of claims and allegations made in both cases, the evidence certainly establishes that the amount in controversy in this case exceeds $75,000.00.

14. Further, in addition to the amounts sought by Plaintiff for general and special damages, he seeks an award of punitive damages. West Virginia law provides that punitive damages may be awarded in an amount not to exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater. W. Va. Code § 55-7-29(c). According to the Complaint, Plaintiff is requesting "substantial punitive damages in an amount to be established at trial." (Complaint, ¶ 26). *Accord*, Exh. B, ¶ 25 (defining "substantial punitive damages" for similarly alleged conduct as "10 billion dollars"). The punitive damages sought by Plaintiff may also be considered by this Court in establishing the amount in controversy. *See e.g. Heller*, No. 5:12CV45, 2012WL2740870, *10 (N.D.W. Va. July 9, 2012) (recognizing that a "good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action").

15. Plaintiff's alleged facts and causes of action establish that the amount in controversy in this action exceeds $75,000. Given the nature and extent of the alleged damages at issue, the amount of damages would exceed the threshold jurisdictional amount should Plaintiff prevail.

16. Based on the foregoing, this action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of the parties and because the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

17. Venue is proper in this district pursuant to 28 U.S.C. §1441(a) because this district embraces the county in which the removed action has been pending.

18. Boston Globe will promptly serve Plaintiff with this Notice of Removal and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Mingo County, West Virginia, as required under 28 U.S.C. §1446(d), a copy of which is attached hereto as Exh. C.

19. With this removal, Boston Globe does not waive any defense, including but not limited to insufficient service of process or personal jurisdiction. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."); *Beabout v. Wolfe*, No. 5:04cv95, 2005 WL 8162401, at *3 (N.D. W. Va. Aug. 2, 2005) (summarizing "the proposition that the filing of a notice of removal does not constitute a general appearance that waives the defendant's right to challenge service of process or personal jurisdiction").

**WHEREFORE**, Defendant Boston Globe Media Partners, LLC respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Mingo County, West Virginia to the United States District Court for the Southern District of West Virginia.

                                          **BOSTON GLOBE MEDIA PARTNERS, LLC,**

                                          **By Counsel.**

***David K. Hendrickson***
David K. Hendrickson, Esquire (#1678)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia   25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com

{R0228925.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

DON BLANKENSHIP,

        **Plaintiff,**

v.                                                Civil Action No. _____

**BOSTON GLOBE MEDIA PARTNERS, LLC**
d.b.a. **THE BOSTON GLOBE;** and,
**DOES 1-50 inclusive,**

        **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a copy of the foregoing Notice of Removal has been filed with the Court via United States mail. A true and correct copy will be served in its entirety upon all counsel records, via United States mail, postage prepaid as indicated below, this 12th day of August 2019, addressed as follows:

Jeffrey S. Simpkins, Esq
Simpkins Law
102 E 2nd Avenue
Williamson, WV 25661

_____
David K. Hendrickson (WV Bar No. 1678)

{R0228925.1}