# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# At Charleston

DON BLANKENSHIP,

      **Plaintiff,**

v.                                Civil Action No. 2:19cv00589

BOSTON GLOBE MEDIA PARTNERS, LLC
d.b.a. THE BOSTON GLOBE; and,
DOES 1-50 inclusive,

      **Defendants.**

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT BOSTON GLOBE MEDIA PARTNER'S LLC'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Don Blankenship's opposition to the motion of Boston Globe Media Partners, LLC ("Globe") for summary judgment fails to raise a disputed issue of fact worthy of trial and confirms that judgment should enter as a matter of law dismissing the Complaint.

*First*, Blankenship does not even attempt to argue that the Court actually has personal jurisdiction over the Globe. *See* ECF No. 78 at 5-8. He thus concedes that (i) general jurisdiction does not exist because the Globe is not organized under West Virginia law and does not have its principal place of business here; and (ii) specific jurisdiction does not exist because the Globe did not publish the Article (which had only *de minimis* circulation in West Virginia) with the "manifest intent of targeting a West Virginia audience[.]" *See generally Blankenship v. Napolitano*, 451 F. Supp. 3d 596, 631-33 & n. 17, n. 19-20 (S.D.W. Va. 2020). The Court need go no further to grant summary judgment for the Globe. *See Virginia Dept. of Corrections v. Jordan*, 921 F. 3d 180, 187 (4th Cir. 2019) (personal jurisdiction "takes priority over the merits").

Instead of arguing that personal jurisdiction exists, Blankenship erroneously claims that the Globe waived the defense. This argument ignores that the Globe expressly asserted its personal jurisdiction defense in its Notice of Removal (ECF No. 1, ¶ 19) and as an affirmative defense in its Answer (ECF No. 3 at 12, second affirmative defense). It also ignores that Blankenship took

discovery relevant to the personal jurisdiction defense and that the Globe has presented the issue for a ruling in its first and only pretrial dispositive motion (ECF Nos. 76-77). Contrary to Blankenship, controlling precedent confirms that the procedural history of this case in no way demonstrates a waiver of the Globe's personal jurisdiction defense, which is now properly before the Court.

*Second*, Blankenship fails to establish any disputed issue of material fact with respect to the Globe's actual malice defense or any proof that the Globe intended to injure him. Despite ample opportunity for discovery, Blankenship's actual malice case is based on two facts known to him before this action was filed: (i) the Globe's May 22, 2018 article ("Article"), published after Blankenship's primary loss, erroneously reported that his conviction was a felony; and (ii) prior Globe articles had accurately reported that the conviction was a misdemeanor. A private figure libel plaintiff might mount a negligence case based on such evidence. But a public figure plaintiff like Blankenship needs much more to prove, by clear and convincing evidence, that the Globe published the Article either knowing it was false or while entertaining serious, subjective doubts as to its truth. *See generally Blankenship*, 451 F. Supp. 3d at 619 ("The plaintiff's allegations of knowledge based on previous articles or reporting do not alone support a plausible inference of actual malice on the part of the individual or corporate defendants."). Because the undisputed factual record establishes that the error in the article was an "honest mistake" (ECF No. 77-9 at 78:13-78:17), and because "[m]ere negligence does not suffice" to prove actual malice (or intent to injure), *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991), summary judgment should enter dismissing Blankenship's Complaint.

I. **ARGUMENT**

A. **The Court Lacks Personal Jurisdiction over the Globe.**

Nowhere in Blankenship's brief does he assert that the Court has general or specific jurisdiction over the Globe. ECF No. 78 at 5-8. *See generally Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (requirement that a court have personal jurisdiction is grounded in the Due Process Clause). Rather, Blankenship's entire case rests on his

erroneous legal contention that the defense somehow was waived, despite being expressly asserted in the Notice of Removal, the Answer, and in the Globe's first dispositive pretrial motion. ECF Nos. 1, 3, 76-77.

As the Fourth Circuit has explained, "Rule 12(h) contemplates an implied waiver of a personal jurisdiction defense by defendants who appear before a court to deny the allegations of a complaint, *but who fail to make personal jurisdiction objections at the time of their appearance*." *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) (emphasis added); *see also Bethlehem Steel Corporation v. Devers*, 389 F. 2d 44, 46 (4th Cir. 1968) (personal jurisdiction defense must be presented either in "pre-answer motion or in the answer itself"); *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991) ("by failing to raise the defense that service of process was untimely under Rule 4(j) either in a pre-answer motion or, if no such motion is made, then in its answer, a defendant waives that defense and submits to the personal jurisdiction of the court"); Wright & Miller, *Federal Practice and Procedure*, 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed.) ("Courts have continued to maintain that if the defendant has properly raised a defense by motion or in the answer, even though the defendant participates in the litigation on the merits, the defense still can be preserved and reasserted later in the action.").

Blankenship's claim that the Globe's conduct gave him a "reasonable expectation" that the Globe had abandoned its personal jurisdiction defense is far-fetched. The record establishes that Blankenship understood full-well the significance of the personal jurisdiction defenses asserted by the Globe both in its Notice of Removal and its Answer. ECF No. 1, ¶ 19; ECF No. 3 at 12. In the parties' Rule 26(f) report, Blankenship stated that he anticipated taking discovery on "the Boston Globe's circulation (amount, geography, paid vs free, distribution channels)" and obtaining "information regarding how/where/from whom Defendant obtained false, defamatory information[.]" ECF No. 7 at 2. This discovery, which the Globe provided, was directly relevant to the personal jurisdiction issues that Blankenship knew were part of this case from the moment he sued a Boston-based company in West Virginia. *See, e.g.*, *Calder v. Jones*, 465 U.S. 783, 785, 788-89 (1984)

3

(personal jurisdiction analysis requires considering where a libel defendants' sources reside as well as the publication's circulation in the forum state); *see also Blankenship*, 451 F. Supp. 3d at 631 & n.17; *id.* at 632 & n. 19 and n. 20.

Unlike Blankenship's other libel cases before this Court, the parties here have taken just two depositions: a deposition of the Plaintiff which lasted approximately one hour and a Rule 30(b)(6) deposition of the Globe which lasted 3 hours and four minutes.[1] The only other discovery has been interrogatories and document requests and the exchange of expert reports in compliance with the Court's orders. The facts of this case thus are vastly different from the cases cited by Blankenship involving dilatory tactics by parties and their counsel. *See Commercial Cas. Ins. Co. v. Consolidated Stone Co.*, 278 U.S. 177, 180 (1929) (plaintiff who allowed default judgment to enter could not belatedly object to venue); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939) (designation by a foreign corporation of an agent for service of process sufficed to establish diversity); *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972) (answer failed to plead personal jurisdiction defense and counsel agreed on day of trial to be bound by the court's verdict); *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 915 (7th Cir. 1994) (defendant "did not renew his challenge to personal jurisdiction during or after trial"); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) ("After filing their answer, [defendants] failed to reassert the issue of personal jurisdiction until this appeal."); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1295 (7th Cir. 1993) (defendants filed counterclaim against plaintiff and moved to dismiss on jurisdictional grounds only after the counterclaim was dismissed); *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481-82 (S.D.N.Y. 1985) (defendant did not include argument in his first Rule 12 motion and waited three and a half years to do so); *In re Polyester Staple Antitrust Litig.*, No. 3:03CV1516, 2008 U.S. Dist. LEXIS 43865, at *70 (W.D.N.C. Apr. 1, 2008) (defendant's first counsel "fully intended to submit to the jurisdiction of the Court"); *Liesman v.*

---

[1] In order to avoid unnecessary discovery expenses, the parties stipulated that transcripts of the depositions of Blankenship and his expert witness taken in Civil Action No. 2:19-cv-00236 and Civil Action No. 2:20-cv-00278, also pending in this Court, may be used by the parties in this case. ECF No. 67.

*Weisberg*, No. 3:17-cv-660, 2018 U.S. Dist. LEXIS 111075, at *15-*16 (W.D.N.C. July 3, 2018) (no waiver found; court distinguished cases where defendant made a general appearance and later contested jurisdiction*)*.

In sum, nothing in the record of this case supports Blankenship's claim that the Globe has waived its constitutionally-based personal jurisdiction defense or engaged in the type of gamesmanship that might, in other circumstances, support a claim of waiver. *See generally Datskow v. Teledyne, Inc., Cont'l Prod. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) ("We would be slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court.").

### B. Summary Judgment Is Warranted on the Merits.

Blankenship has failed to bring forward "concrete" and "affirmative'" evidence sufficient to create a "genuine issue of material fact" as to whether there is "clear and convincing evidence" of actual malice, despite a "full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 256-57 (1986). His evidence consists solely of the undisputed facts that the Article incorrectly reported that Blankenship was convicted of a felony and that prior Globe articles (also based on AP stories) accurately reported the conviction as a misdemeanor. He offers no evidence on whether the same Globe employees edited the May 22, 2018 Article, and thus has no evidence about whether "the newspaper knew that [the] statement was false 'since the state of mind required for actual malice would have to be brought home to the persons in the [newspaper's] organization having responsibility for the publication of the [statement]." *Blankenship*, 451 F. Supp. 3d at 619 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964)).

Blankenship also claims, without citing any evidence, that the Globe's error was made to "generate controversy and readership." ECF No. 78 at 12. This speculative, unsupported claim ignores that (i) the Globe's circulation in West Virginia is *de minimis*; (ii) in Blankenship's own words, the same charge had been earlier reported "ad nauseum" by other publications, including national news organizations, Compl. ¶ 6; and (iii) Blankenship himself did not learn about the Article until "a few weeks before the lawsuit was filed [in 2019], when the attorneys gave [him] a list of such

5

things," hardly evidence that the Article generated "controversy and readership." Blankenship Dep. Ex. 1 at 11:17-12.[2]

The uncontroverted evidence, in short, is that the Globe made an honest mistake. ECF No. 77 Ex. 9 at 72:16-72:23; 73:20-74:1; 76:8-76:16; 78:13-78:17. A negligent error in an article concerning a public figure, while regrettable to be sure, does not constitute actual malice nor is it evidence of intent to injure. *Masson*, 501 U.S. at 510; *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989); *Ryan v. Brooks*, 634 F.2d 726, 733 (4th Cir. 1980). Summary judgment should enter dismissing the Complaint.

## II. CONCLUSION

For the foregoing reasons, and for those set forth in the Globe's initial memorandum, summary judgment should enter dismissing Plaintiff's Complaint.

**BOSTON GLOBE MEDIA PARTNERS, LLC,**

**By Counsel.**

*/s/ David K. Hendrickson*
David K. Hendrickson, Esquire (#1678)
Barbara A. Samples, Esquire (#5795)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com
bsamples@handl.com

---

[2] Blankenship's criticism of the correction published by the Globe is addressed in the Globe's initial brief and is irrelevant to the claims in this case. *See* ECF No. 77 at 9 n.7.

Jonathan M. Albano
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
(617) 341-7700
(617)341-7701 (facsimile)
Jonathan.albano@morganlewis.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# At Charleston

**DON BLANKENSHIP,**

       **Plaintiff,**

**v.**                                                           **Civil Action No. 2:19cv00589**

**BOSTON GLOBE MEDIA PARTNERS, LLC**
**d.b.a. THE BOSTON GLOBE; and,**
**DOES 1-50 inclusive,**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2021, a copy of the foregoing "***Reply Memorandum In Support of Defendant Boston Globe Media Partner's LLC's Motion for Summary Judgment***" was filed using CM/ECF, the Court's electronic notification system, which provided notice to all counsel of record.

                                                         /s/*David K. Hendrickson*
                                                         David K. Hendrickson